**FILED**
**Nov 07, 2024**
**07:00 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Benjamin Howard | ) | Docket No. 2022-03-0560 |
| | ) | |
| v. | ) | State File No. 8565-2022 |
| | ) | |
| Centurion Health, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

---

## Vacated and Remanded

---

The issue in this interlocutory appeal is whether the trial court erred in declining to dismiss a self-represented employee's case due to his alleged failure to comply with certain terms of the trial court's scheduling order. After the employee failed to timely provide information as required by the terms of the scheduling order, the employer filed a motion to dismiss the case under Rule 41.02 of the Tennessee Rules of Civil Procedure. The trial court declined to dismiss the case, concluding that the employer had relied on precedent that did not apply to the circumstances of the present case. The court further indicated it would "hold[] the motion in abeyance," to be re-addressed "at the close of [the employee's] case in chief." Upon careful consideration of the record, we vacate the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Gregory H. Fuller and Jennifer D. Thomas, Brentwood, Tennessee, for the employer-appellant, Centurion Health

Benjamin Howard, Farragut, Tennessee, employee-appellee, pro se

Benjamin Howard ("Employee") worked for Centurion Health ("Employer") as a dentist. On February 1, 2022, while walking from a parking lot to the building where he worked, Employee fell and reportedly sustained injuries to his head and shoulder. Employer's representative issued a notice of denial on February 7, 2022, asserting that Employee's fall was idiopathic and due to a "personal pre-existing illness." The First Report of Work Injury indicated that Employee had "blacked out" just before the fall.

After the parties were unable to resolve the case through mediation, a dispute certification notice was issued, and the parties engaged in written discovery.[2] In March 2024, the trial court issued a scheduling order that listed certain deadlines, including that "[t]he parties shall disclose the names and exchange reports of all medical experts by **May 31, 2024**." (Emphasis in original.)

In May 2024, Employer filed a motion to deem certain matters admitted based on Employee's alleged failure to timely respond to its written requests for admissions. The trial court granted that motion in part, deeming certain requests admitted, including the following:

- Admit that you started a new blood pressure medication . . . and filled it on February 1, 2022;
- Admit that light-headedness is a side effect of [the new blood pressure medication]; and
- Admit that no medical doctor has opined your injury was caused by your employment.

However, the court accepted Employee's explanation for the lateness of his responses to three of the requests for admissions and accepted those responses pursuant to Rule 36.02 of the Tennessee Rules of Civil Procedure.

Thereafter, on June 14, 2024, Employer filed a motion to dismiss Employee's case pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure for "failure to prosecute and/or for sanctions." In support of its motion, Employer argued that "there is no medical expert opinion regarding causation and as of May 31st, 2024, the deadline to

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2023).

[2] When the petition for benefit determination was filed, Employee was represented by an attorney. In November 2023, the trial court granted that attorney's motion to withdraw. Employee has proceeded in a self-represented capacity since that time.

disclose medical experts has closed." Employer further argued that "the proof is closed[,] and Employee has further admitted that he does not have a medical expert that would opine regarding causation and permanency."

In his response to Employer's motion to dismiss, Employee asserted that the day of the accident was "a cold and rainy morning" and he "slipped and fell and hit my head going towards the door as I was walking to work." He further stated that "[a]fter my fall, I was unable to recall anything" and that, after his surgery, his wife had "answered the questions to the best of her knowledge regarding my accident because she was not present when I fell."

On August 19, 2024, the trial court issued an order entitled "Order Denying Motion for Dismissal." The court reasoned that the precedent on which Employer had relied involved a motion to dismiss a case during trial under Rule 41.02(2), which discusses circumstances for dismissal after the close of the plaintiff's case in chief. The court then determined that Employer's motion was "premature," and it stated it would "hold[] the motion in abeyance for later determination at the close of [Employee's] case in chief at the . . . Compensation Hearing." Employer has appealed that order.

Tennessee Rule of Civil Procedure 41.02 contains two provisions addressing the involuntary dismissal of a case. Under subparagraph (1), a case is subject to dismissal for "failure of the plaintiff to prosecute or to comply with these rules or any order of [the] court." There is no language in that provision stating or suggesting that such a motion can only be filed after the close of the plaintiff's case in chief. Under subparagraph (2), "[a]fter the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, . . . the defendant may move for dismissal on the ground that[,] upon the facts and the law[,] the plaintiff has shown no right to relief."

We have addressed motions to dismiss under Rule 41.02(1) previously. In *Bumgarner v. Amazon.com Services, LLC*, Nos. 2021-06-0220, 2021-06-0221, 2022 TN Wrk. Comp. App. Bd. LEXIS 2 (Tenn. Workers' Comp. App. Bd. Jan. 11, 2022), the defendant filed a motion to dismiss pursuant to Rule 41.02(1). In affirming the trial court's decision denying the motion, we explained:

> Tennessee appellate courts have recognized that Rule 41.02(1) is necessary to enable the court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test . . . . A trial court's decision under Rule 41.02(1) is reviewed under an abuse of discretion standard.

*Id.* at *7 (internal quotation marks and citation omitted).

Here, Employer appears to have conflated the two provisions of Rule 41.02 by asserting that: (1) the employee did not comply with the terms of the court's scheduling order; and (2) the "proof is closed." Although the first statement may be accurate, the second is not. Under the terms of the statutes, rules, and regulations that govern hearings in the Court of Workers' Compensation Claims, proof is not "closed" until a party rests its case in open court, or the court otherwise declares the proof closed. *See, generally*, Tenn. Code Ann. § 50-6-239(c)(1); Tenn. R. Civ. P. 43. Further, the proof in a case is not "closed" merely because of the expiration of a deadline in a scheduling order for the disclosure of the identities of experts who a party anticipates calling as witnesses. A party may seek relief from a scheduling order in a pre-trial motion, and, as we have stated previously, a trial court has broad discretion to address pre-trial issues. Such decisions are also reviewed under an abuse-of-discretion standard. *See, e.g.*, *Semich v. AT&T Servs., Inc.*, No. 2021-06-0997, 2024 TN Wrk. Comp. App. Bd. LEXIS 2, at *9 (Tenn. Workers' Comp. App. Bd. Jan. 22, 2024).

Moreover, the trial court's order in the present case is not clear as to what action the court was taking and why. Although the order is entitled "Order Denying Motion for Dismissal," the final paragraph of the court's order indicated it was "hold[ing] the motion in abeyance for later determination." The court reasoned that Employer's motion was "premature" because it had not been filed "at the close of [Employee's] case in chief." Yet, as we noted above, the propriety of a motion to dismiss filed pursuant to Rule 41.02(1) is not dependent on whether the plaintiff has rested its case in chief. Thus, we conclude the court's order does not address whether Employee's case is subject to dismissal for any of the reasons noted in rule 41.02(1). We are therefore constrained to vacate the court's order and remand the case for the trial court to address Employer's motion to dismiss to the extent it is based on Rule 41.02(1) and not Rule 41.02(2).

For the foregoing reasons, we vacate the trial court's order and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Benjamin Howard | ) | Docket No. 2022-03-0560 |
| | ) | |
| v. | ) | State File No. 8565-2022 |
| | ) | |
| Centurion Health, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of November, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Gregory H. Fuller<br>Jennifer D. Thomas | | | | X | ghfuller@mijs.com<br>jdthomas@mijs.com |
| Benjamin Howard | | | | X | howardben97@yahoo.com |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov